W. H. STUBBLEFIELD, Appellant, v. MRS. JOE SMITH, Respondent.

Springfield Court of Appeals, July 7, 1910.

INSTRUCTIONS: Suggesting Weakness of Plaintiff's Case: Harmless Error. An instruction given on behalf of defendant contained the expression, "If you find for the plaintiff at all," it was contended by the plaintiff that the use of the words "at all" indicated that it was doubtful in the opinion of the court whether the jury should find for the plaintiff. *Held*, that though it would have been better to omit the words "at all," the error was harmless.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

'AFFIRMED.

*Albert De Reign* for appellant.

*Oliver & Oliver* for respondent.

COX, J.—This case grew out of a contract signed by defendant by which she agreed to pay plaintiff one-half of what he might collect upon a certain note. The note in question was given to William V. Smith, the husband of plaintiff, and was executed by William Byrnes. Smith had died and named Byrnes as the executor of his will and in the administration of the estate Byrnes had refused to inventory this note or to charge himself with it as the executor of the estate of William V. Smith. The note was in the possession of respondent and she had entered into a contract with plaintiff by which she had agreed to give him one-half of what he could collect on this note. Suit was brought upon this note by Marshal Arnold, attorney, and the note was finally collected. The issue at the trial was whether or not it was through the efforts of plaintiff that this note had been collected. The only witnesses at the trial were plaintiff and defendant. Plaintiff testified that he had employed Arnold to bring the suit and had secured the testimony which resulted in the judgment. The defendant testified that she had employed Arnold to bring the suit and had plaintiff subpoenaed as a witness in the case, and her testimony tended to show that it was not through plaintiff's efforts that the note was collected. It was upon this state of the testimony that the case went to the jury. The court gave all the instructions asked by the plaintiff and refused all those asked by the defendant except one, which was as follows:

"The court instructs the jury that under the law and the evidence in this case, if you find for the plaintiff at all, your verdict cannot exceed the one-half of whatever sum the defendant recovered from the administratrix of the estate of William Byrnes, less whatever sum she paid Marshal Arnold for legal services in the suit of Josephine Smith et al. v. Wm. Byrnes, together with interest on such sum from September 15, 1908, to date at the rate of six per cent."

The jury returned a verdict in defendant's favor and plaintiff has appealed. The only error assigned worthy of note is the objection to the instruction given on behalf of defendant. The objection to this instruction is the use of the words "at all." Plaintiff contends that the court by the use of the language in defendant's instruction to the jury, "The court instructs the jury that under the law and the evidence in this case if you find for the plaintiff 'at all,' " the court was, in effect, reminding the jury that in the opinion of the court it was doubtful whether they should find for the plaintiff and that this gave an undue advantage to the defendant. We do not think the jury were misled by this instruction or that the language used in it would convey to the jury the impression which plaintiff now insists that it did. The use of the words "at all" were not necessary in this instruction, and probably should have been omitted, but we are not prepared to say that their insertion misled the jury or influenced the verdict in any way.

The witnesses in this case were the plaintiff and the defendant and each one testified to their understanding of the facts in the case. The instructions to the jury were fair and the verdict being in the defendant's favor we are bound thereby. The judgment will be affirmed. All concur.